FILED

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

OCT 20 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JONES STEVEDORING COMPANY,<br><br>Petitioner,<br><br>v.<br><br>AUGUST PAGLIA; DIRECTOR, OFFICE OF WORKERS COMPENSATION PROGRAMS,<br><br>Respondents. | No. 10-72736<br><br>BRB No. 10-0273<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Benefits Review Board

Argued and Submitted October 14, 2011
Portland, Oregon

Before: EBEL, BERZON, and N.R. SMITH, Circuit Judges.

August Paglia filed a claim under the Longshore & Harbor Workers'

Compensation Act (LHWCA), 33 U.S.C. § 900 et seq., for occupational hearing

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

** The Honorable David M. Ebel, Senior Circuit Judge for the Tenth Circuit, sitting by designation.

loss related to his employment as a stevedore at Jones Stevedoring Company (Jones). The ALJ ruled that Paglia established a *prima facie* claim for occupational hearing loss and was thus entitled to a presumption in favor of compensability pursuant to 33 U.S.C. § 920(a). Jones has not contested that determination. The ALJ further concluded that Jones produced sufficient evidence to overcome the presumption. The Benefits Review Board (the Board), however, reversed on that point, holding that Jones did not rebut the § 20(a) presumption, and remanded for resolution of remaining issues. We affirm.

1. Jones contends that the Board exceeded its authority by reviewing the evidence *de novo*. The inquiry into whether an employer has produced sufficient evidence to rebut the § 20(a) presumption is, however, a legal judgment subject to plenary review by the Board. *See Haw. Stevedores, Inc. v. Ogawa*, 608 F.3d 642, 651 (9th Cir. 2010) (citing *Bath Iron Works Corp. v. Fields*, 599 F.3d 47, 54-55 (1st Cir. 2010)). The Board therefore did not exceed its authority by reviewing the ALJ's decision *de novo*.

2. Jones alternatively contends that the Board erred in holding that Jones did not produce substantial evidence to rebut the § 20(a) presumption. To rebut that presumption, an employer must produce substantial evidence that is specific and comprehensive enough to sever the connection between an employee's disability

2

and the conditions of his employment. *Id.* Where the conditions of covered employment aggravate or accelerate a claimant's pre-existing condition, the aggravation rule renders the last covered employer liable for the entire resulting disability. *See Port of Portland v. Dir., OWCP*, 932 F.2d 836, 839-40 (9th Cir. 1991). Thus, to rebut the § 20(a) presumption, Jones had to produce specific and comprehensive evidence tending to show that Paglia's covered employment did not cause or contribute to his hearing loss.

The Board correctly determined that the circumstantial and negative evidence produced by Jones, and relied upon by the ALJ, did not satisfy this standard. First, Jones's circumstantial evidence of alternative sources for Paglia's hearing loss does not respond to the § 20(a) presumption. The existence of alternative sources of hearing loss is not inconsistent with the proposition that the conditions of Paglia's employment contributed to his hearing loss. *See Cordero v. Triple A Mach. Shop*, 580 F.2d 1331, 1335 (9th Cir. 1978).

Second, Jones's negative evidence – the medical and audiological experts' testimony that Paglia's hearing loss might be attributable entirely to non-employment-related sources – is too speculative to rebut the § 20(a) presumption. *See Bath Iron Works*, 599 F.3d at 56-57 (citing *Wheatley v. Adler*, 407 F.2d 307, 313 (D.C. Cir. 1968) (en banc)).

3

Third, that Paglia and his wife did not notice any significant hearing problems until several years after Paglia's retirement is not, by itself, sufficient to rebut the § 20(a) presumption. *See Swinton v. J. Frank Kelly, Inc.*, 554 F.2d 1075, 1084 & n.52 (D.C. Cir. 1976); *cf. Pedroza v. BRB*, 624 F.3d 926, 929 n.2 (9th Cir. 2010) (citing *Swinton*'s explication of the rebuttal standard).

In the end, the circumstantial and negative evidence, taken as a whole, cannot overcome the § 20(a) presumption. Jones did not produce any specific and comprehensive evidence severing the link between Paglia's hearing loss and the conditions of his employment (e.g., that Paglia's employment was not noisy). *Compare Haw. Stevedores*, 608 F.3d at 650-51(holding that an employer produced sufficient evidence to rebut a claimant's *prima facie* claim where the employer produced specific evidence that the claimant's job was not stressful).

Because Jones failed to produce specific and comprehensive evidence severing the connection between Paglia's covered employment and his hearing loss, the Board properly held that Jones did not rebut the § 20(a) presumption.

**AFFIRMED.**

4